**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

BRUCE PERRONE,
ROSANNA LONG, and
SIERRA CLUB,

Plaintiffs,

v.

Civil Action No. 2:24-cv-00434

CHAIRMAN CHARLOTTE R. LANE,
in her official capacity, COMMISSIONER
RENEE A. LARRICK, in her official capacity,
and COMMISSIONER WILLIAM B. RANEY,
in his official capacity,

Defendants.

# MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION TO INTERVENE OF APPALACHIAN POWER COMPANY AND WHEELING POWER COMPANY

## INTRODUCTION AND BACKGROUND

APCo and WPCo are public utilities providing electric service to approximately 461,000 customers in West Virginia.[1] APCo owns and operates two coal-fired electric generating facilities in West Virginia: the Amos Plant and the Mountaineer Plant. WPCo owns a 50% undivided interest in the coal-fired Mitchell Plant, also located in West Virginia. In addition, APCo owns and operates gas-fired electric generating facilities and hydroelectric facilities, and purchases power from hydroelectric, wind, solar, and coal-fired facilities under agreements known as "purchased power agreements."

The complaint claims that a series of orders issued by the West Virginia Public Service Commission (the "Commission") allegedly direct APCo and WPCo to fire their coal-fired power plants at a 69% capacity factor without regard to whether doing so is economic (the "69% Directive"). Compl. ¶ 1. The complaint alleges that the Commission issued the "69% Directive" so that APCo and WPCo would fire the coal-fired power plants as much as possible and far more than they have historically. *Id.* ¶ 3. Plaintiffs claim that because there is no way for APCo and WPCo to achieve a 69% capacity factor economically, the "69% Directive" infringes upon the Federal Energy Regulatory Commission's exclusive jurisdiction over the wholesale market and is therefore preempted. *Id.* ¶ 134. For the reasons set forth below, APCo and WPCo should be permitted to intervene in this matter.

## ARGUMENT

APCo and WPCo are entitled to intervene as of right to ensure their interests are protected. APCo and WPCo are the regulated entities who must comply with the orders at issue in this

[1] APCo also provides electric service in the Commonwealth of Virginia, where it is subject to regulation by the Virginia State Corporation Commission.

litigation. They therefore have a direct and concrete stake in this litigation. In particular, APCo and WPCo have an interest in establishing that there is no "69% Directive" requiring APCo and WPCo to achieve a 69% capacity factor. Given the Fourth Circuit's recognition that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process," *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted), APCo and WPCo should be permitted to intervene as of right in this matter.

APCo and WPCo also should be allowed permissive intervention. Plaintiffs' arguments hinge on assertions regarding APCo's operations and economics, and APCo and WPCo's resulting ability to comply with the Commission's purported "69% Directive." APCo and WPCo can provide the Court with specialized knowledge on these subjects, as well as unique insight into the Commission record, which was developed in large part based on testimony APCo and WPCo supplied.

**I. APCo and WPCo Are Entitled to Intervene as of Right.**

APCo and WPCo have a right to intervene in this case under Fed. R. Civ. P. 24(a). The Fourth Circuit holds that a "district court must permit intervention as a matter of right if the movant can demonstrate '(1) an interest in the subject matter of the action; (2) that the protection of this interest would be impaired because of the action; and (3) that the applicant's interest is not adequately represented by existing parties to the litigation.'" *Stuart v. Huff*, 706 F.3d 345, 349 (4th Cir. 2013) (*Teague v. Bakker*, 931 F.2d 259, 260-61 (4th Cir. 1991)). In addition, the Fourth Circuit has made clear that the motion to intervene must be timely filed. *See Alt v. U.S. EPA*, 758 F.3d 588, 591 (4th Cir. 2014); *see generally* Fed. R. Civ. P. 24(a) (requiring a "timely motion"). All four of these requirements are satisfied here.

***Timeliness.*** As an initial matter, this motion is timely. "In order to properly determine whether a motion to intervene in a civil action is sufficiently timely, a trial court in this Circuit is obliged to assess three factors: first, how far the underlying suit has progressed; second, the prejudice any resulting delay might cause the other parties; and third, why the movant was tardy in filing its motion." *Alt*, 758 F.3d at 591. Here, the litigation has only just commenced. Plaintiffs filed their complaint just over two months ago, and no discovery has yet taken place. *Cf. id.* (intervention untimely where "[s]even other parties had long since requested and received permission from the district court to intervene," "[s]everal months of settlement negotiations had transpired," defendant's "motion to dismiss … had been fully briefed, argued, and denied," and "summary judgment briefing and related proceedings had commenced"). Other parties will not be prejudiced by APCo and WPCo's intervention because APCo and WPCo are willing to abide by the schedule already set by the Court. Indeed, APCo and WPCo have attached to their Motion to Intervene a Proposed Answer and a Proposed Motion to Dismiss, in accordance with the Court's November 4, 2024 deadline for such filings. In these circumstances, APCo and WPCo's Motion to Intervene—which is unopposed—can hardly be considered tardy.

***Interest in the Subject Matter.*** APCo and WPCo also plainly have an interest in the subject matter of this litigation. This interest must be a "significantly protectible interest." *Teague v. Bakker*, 931 F.2d 259, 261 (4th Cir. 1991). APCo and WPCo have such an interest here in establishing, among other things, that they are not bound by any "69% Directive" or required to operate their plants uneconomically. This litigation is based entirely on Commission orders issued in the context of APCo and WPCo's Expanded Net Energy Cost ("ENEC") proceedings that purportedly impose a "69% Directive" on APCo and WPCo. *See, e.g.*, Compl. ¶¶ 1, 72-96 (detailing in length various hearings and orders in APCO and WPCo's 2021, 2022, and 2023

ENEC proceedings). In addition, the complaint makes numerous allegations about APCo and WPCo's operations with respect to their coal-fired plants, including allegations about whether APCo and WPCo can achieve a 69% capacity factor economically, *id.* ¶¶ 3, 97-102, 105, and allegations about APCo and WPCo's incentives to procure coal at sufficient levels, *id.* ¶¶ 107-109, 112. The complaint also alleges that APCo and WPCo may not be entitled to ENEC cost recovery if they do not meet the 69% capacity factor target, Compl. ¶¶ 96, 110. Because this litigation concerns APCo and WPCo's past actions and implicates APCo and WPCo's obligations under Commission orders, APCo and WPCo plainly have a significant protectible interest in this case.

***Action May Impair/Impede the Interest.*** APCo and WPCo's ability to protect their interests would be impaired or impeded by the disposition of this action. Plaintiffs seek to enjoin Defendants from applying the alleged "69% Directive," Compl. ¶¶ 137, 139. The action thus impedes APCo and WPCo's interest in establishing that there is no such "69% Directive' at all. Accordingly, APCo and WPCo should be allowed to intervene as of right.

***Adequate Representation.*** Finally, APCo and WPCo satisfy the fourth factor because their interests will not be adequately represented by the existing parties. As an initial matter, the burden to show inadequate representation is "minimal." *Teague* 931 F.2d at 262 (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)). The movant need only demonstrate that "representation of its interest '*may be*' inadequate." *United Guar. Residential Ins. Co. of Iowa v. Philadelphia Sav. Fund Soc.*, 819 F.2d 473, 475 (4th Cir. 1987) (quoting *Trbovich*, 404 U.S. at 538 n.10).

APCo and WPCo are not adequately represented by Defendants. First, their interest is in their own business operations, which is a "narrower" interest than that of the Commission, which is interested in protecting its authority and regulated entities more broadly. *United Guar.*

*Residential Ins. Co. of Iowa*, 819 F.2d at 476 (holding that intervention should be permitted where a defendant bank had a "broader interest" in protecting regulated entities than the would-be intervenor's "narrower interest in protecting its own mortgage certificates"). Second, APCo and WPCo are actively challenging the Commission's ENEC disallowance in West Virginia state court. Thus, though the Companies agree with the Commission that the Federal Power Act does not preempt the alleged "69% Directive," no party to the litigation represents APCo and WPCo's position that the Commission's actions, while not preempted, are nonetheless unlawful on state law grounds. Given the Fourth Circuit's liberal policy favoring intervention and the difference in objectives between APCo and WPCo and the Defendants, APCo and WPCo have met their "minimal" burden to establish that it may be inadequately represented by any existing party. *Teague*, 931 F.2d at 262; *United Guar. Residential Ins. Co. of Iowa*, 819 F.2d at 475.

## II. Alternatively, the Court Should Grant Permissive Intervention.

In the alternative, this Court should grant APCo and WPCo permissive intervention. Under Federal Rule of Civil Procedure 24(b)(1)(B), intervention may be permitted if (1) the motion is timely; (2) it reflects a claim or defense with a question of law or fact common with the main action; and (3) it will not prejudice the rights of the original parties or cause undue delay. *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991). As with intervention of right, the requirements for permissive intervention should be liberally construed. 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 1904 (2007).

As set forth above, this motion is timely, and the original parties will not be prejudiced. APCo and WPCo do not seek to disturb the schedule set by the Court; no discovery has taken place; and no present party objects to APCo and WPCo's intervention. In addition, APCo and WPCo have defenses that share a common question of law and fact with the main action. For

instance, APCo and WPCo have an interest in defending the Commission's ability to regulate generating facilities in the manner alleged in the complaint without running afoul of the Supremacy Clause. Moreover, APCo and WPCo's participation will assist the Court's resolution of the case, which centrally concerns APCo and WPCo's operations.

In sum, APCo and WPCo meet the elements necessary for permissive intervention. Accordingly, this Court should allow APCo and WPCo to intervene even if it concludes that intervention as of right is not warranted.

## CONCLUSION

For the foregoing reasons, APCo and WPCo respectfully request that the Court grant their motion to intervene.

Dated: November 4, 2024

Respectfully submitted,

*/s/ Devon J. Stewart*

Kurt L. Krieger (W. Va. Bar No. 4927)
Devon J. Stewart (W. Va. Bar No. 11712)
S. Caleb Davis (W. Va. Bar No. 13833)
STEPTOE & JOHNSON PLLC
707 Virginia Street East, 17th Floor
Charleston, WV 25301
(304) 353-8000 (Telephone)
(304) 353-8100 (Fax)
devon.stewart@steptoe-johnson.com

*/s/ Matthew E. Price*

Matthew E. Price (PHV No. 56226)
JENNER & BLOCK LLP
1099 New York Ave. N.W. Suite 900
Washington, DC 20001-4412
(202) 639-6000 (Telephone)
(202) 639-6066 (Fax)
mprice@jenner.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Matthew E. Price*