**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**
**AT CHARLESTON**

BRUCE PERRONE,
ROSANNA LONG, and
SIERRA CLUB,

*Plaintiffs,*

v. CIVIL ACTION No. 2:24-cv-00434

CHAIRMAN CHARLOTTE R. LANE,
*in her official capacity,* COMMISSIONER
RENEE A. LARRICK, *in her official capacity*,
and COMMISSIONER WILLIAM B. RANEY,
*in his official capacity,*

*Defendants.*

**REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**

Defendants Chairman and Commissioners of the Public Service Commission of West Virginia ("PSC") (collectively "PSC Commissioners" or "Defendants") by and through their undersigned counsel, submit the following Reply in Support of their Motion to Stay Discovery. Notwithstanding Plaintiffs' arguments otherwise, the weight of the factors at issue favors a stay of discovery. In sum, the pending resolution of the Motion to Dismiss does not depend on discovery and will not prejudice the Plaintiffs. Moreover, the issues presented in the Defendants' Motion to Dismiss are purely legal issues, and should the Motion to Dismiss be granted, the need for discovery will be entirely eliminated.

**ARGUMENT**

A number of factors guide a court's analysis when considering a motion to stay discovery pending resolution of a dispositive motion:

> (1) the type of motion, (2) whether the motion is a legal challenge or dispute over the sufficiency of allegations, (3) the

> nature and complexity of the action, (4) whether counterclaims and/or cross-claims have been interposed, (5) whether other parties agree to the stay, (6) the posture or stage of the litigation [(7)] the expected extent of discovery in light of the number of parties and complexity of the issues in the case, (8) and any other relevant circumstances.[1]

Citynet, LLC, 2016 U.S. Dist. LEXIS 144621, at *1 (internal citation omitted) (numbering corrected from original).[2] None of these factors alone are dispositive. Blankenship, 2020 U.S. Dist. LEXIS 200572, at *4.

Here, an analysis of each of these factors favor a stay.

**1. The type of motion, the fact the motion is a legal challenge to the complaint, and the stage in the litigation weigh in favor of a stay.**

First, the type of motion – Defendants' Motion to Dismiss and the Companies' Motion to Dismiss[3] -- weigh in favor of a stay. The motions to dismiss are dispositive and challenge the legal sufficiency of the Plaintiffs' claims as a matter of law. Plaintiffs argue, however, that the motions are not purely legal challenges appropriate for a motion to dismiss. As argued extensively in the Defendants' Motion to Dismiss and the Reply in Support of Defendants' Motion to Dismiss (ECF. No. 34), Plaintiffs' attempt to characterize the existence of the so-called 69% Directive as a factual dispute is erroneous, as a matter of law.

---

[1] In their Response to the Motion to Stay (hereinafter "Response"), Plaintiffs note seven factors (Pls.' Response at 3), instead of the Defendants' eight factors. It appears that Plaintiffs' factors simply combine Defendants' cited factors one and two.

[2] Plaintiffs concede that factors three and four (whether counterclaims and/or cross-claims have been filed and whether or not some or all defendants join in the motion to stay, respectively) weigh in favor of a stay. (Pls.' Response at 3.)

[3] In their Motion to Stay, Defendants noted that Appalachian Power Company ("APCo") and Wheeling Power Company ("WPCo") (collectively the "Companies") filed a Motion to Intervene and accompanying Motion to Dismiss. In the interim, the Court granted the Motion to Intervene, accepted the Companies' Motion to Dismiss as filed, and set a briefing schedule. *See* ECF. No. 35. Plaintiffs filed their Response to the Companies' Motion to Dismiss on December 9, 2024, and the Companies' Reply is due on December 16, 2024.

In order to survive a motion to dismiss, "a complaint must contain more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Uncork & Create LLC v. Cincinnati Ins. Co., 498 F. Supp. 3d 878, 880 (S.D. W. Va. 2020) (internal citations and quotations omitted) (a class action seeking, *inter alia*, a declaratory judgment that coverage existed under a policy of insurance, the court granted defendant insurer's motion to dismiss because an analysis of the unambiguous terms of the policy did not provide coverage for plaintiffs' alleged losses). "The court need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Uncork & Create LLC, 498 F. Supp. 3d at 880 (internal citations and quotations omitted).

"A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (internal citations and quotations omitted). A plaintiff must "articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief." Id. at 881. "Determining whether a complaint states a plausible claim for relief which can survive a motion to dismiss will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. (internal citations and quotations omitted.) Indeed, "while factual allegations drive the analysis of a motion to dismiss, courts are not required to set aside common sense." Id. at 883.

As argued in the Defendants' Motion to Dismiss and Reply in support, Plaintiffs' assertions regarding the existence of the alleged 69% Directive are insufficient to establish the existence of a claim that is plausible on its face. Plaintiffs' reference to random exchanges and stray comments made during hearings are not well-pled facts that would that establish the existence of the 69% Directive in the context of the

Companies' underlying Expanded Net Energy Cost ("ENEC") rate cases. The Commission speaks only through its orders and the Order at issue that resolved the 2021, 2022, and 2023 ENEC cases – the January 9, 2024, Order (the "January 2024 Order") – specifically belies the existence of a 69% capacity factor mandate. To read otherwise would stretch the bounds of common-sense analysis in the context of a Commission proceeding.

Second, this matter is in its earliest stages with unresolved preliminary issues to be determined before even the scope of discovery potentially reveals itself. Any discovery before resolution of the Companies' motions or the Defendants' Motion to Dismiss is premature and unnecessary given the posture of this case.

**2. The nature and complexity of the action and the expected extent of discovery weigh in favor of a stay.**

Plaintiffs argue that the discovery in this matter is "nothing more than routine discovery in a civil case." (Pls.' Response at 5.) The expansive nature of the Complaint itself contradicts this assertion.

Plaintiffs' Complaint necessarily delves into the complex interplay between regulation of power transmission and management of the country's electric grid through regional transmission organizations by the Federal Energy Regulatory Commission ("FERC"), and regulation of non-wholesale sales, or retail sales of electricity which is reserved to the states. Moreover, much of this discovery will likely be disputed. Given the nature and position of the Defendants, preliminary objections that involve the deliberative process privilege, attorney-client privilege, the "apex doctrine," and work-product doctrines will need to be resolved and further complicate the discovery process.

A resolution in favor of Defendants' (or the Companies') motion to dismiss will limit or eliminate the need for discovery in whole. To require the parties to engage in discovery in this matter at this preliminary stage would waste PSC resources, the Court's time, and incur unnecessary expense of the parties. Thus, these factors, too, weigh in favor of a stay.

### 3. The "public interest," by itself, is insufficient to deny a stay pending resolution of the Motions to Dismiss.

Plaintiffs argue that the Court should consider the public interest as a relevant circumstance the Court should consider under the "catch-all" factor. (*See* Pls.' Response at 5.) This factor, however, in and of itself, is not enough to weigh against a stay of discovery in this case.

Specifically, Plaintiffs argue that the public has an interest for this case to proceed in a timely fashion and to learn about the alleged "Commissioners' Directive," and the impact of such a directive, warrants a denial of Defendants' Motion to Stay. (Pls.' Response at 5.) Plaintiffs cite McGinn v. El Paso Cty., 640 F. Supp. 3d 1070, 1075 (D. Colo. 2022). The issues in McGinn, however, are not helpful to the Plaintiffs' cause here.

In McGinn, plaintiff asserted numerous claims against individual public official Defendants pursuant to 42 U.S.C. § 1983 for (1) a violation of Equal Protection under the Fourteenth Amendment, (2) Unreasonable Search under the Fourth and Fourteenth Amendments, and (3) Invasion of Bodily Privacy and Integrity under the Fourteenth Amendment. McGinn v. El Paso Cty., 640 F. Supp. 3d 1070, 1073 (D. Colo. 2022). In addition, plaintiff asserted connected municipal liability claims under § 1983, a Disability Discrimination claim pursuant to the Americans with Disabilities Act, and Disability

Discrimination pursuant to the Rehabilitation Act of 1973 against El Paso County. McGinn, 640 F. Supp. 3d at 1073. The defendants filed motions to dismiss plaintiff's claims, and a subsequent motion to stay discovery pending resolution of the motions to dismiss.

Of particular note, the individual defendants in McGinn asserted qualified immunity defenses to the claims asserted against them. The court, in part, denied the motion to stay because the motions to dismiss based upon the qualified immunity defense would not resolve all of the claims against all of the defendants in the case. Id. at 1075. Moreover, the court held that even if a partial stay was entered with respect to discovery against the individual defendants, "the common core of operate facts" between the other claims in the suit would still necessitate involvement of the individual defendants as witnesses. Id.

That is not the case here. Plaintiffs assert one claim. Should the Court grant the motion to dismiss of Defendants (and/or the Companies), the entire suit would be resolved, eliminating the need for any discovery. Moreover, with respect to the "public interest," the McGinnis court stated that "[w]hile the public indeed has an interest in avoiding wasteful efforts by the court and the litigants, it also has an interest in moving matters forward and a more substantial interest in learning about the policies and practices of the El Paso County Jail to ensure it is operating within the bounds of the law." Id. at 1077 (*citing* Estate of Burnett v. City of Colo. Springs, No. 21-cv-01708-WJM-KMT, 2022 U.S. Dist. LEXIS 13375, 2022 WL 218630, at *3 (D. Colo. Jan. 25, 2022) and Morgan v. Clements, 12-cv-00936-REB-KMT, 2013 U.S. Dist. LEXIS 33935, 2013 WL 950876, at *5 (D. Colo. Mar. 12, 2013)).

Furthermore, the two cases cited by the McGinn court regarding the public interest factor contradict Plaintiffs' argument here that the public interest weighs against a stay. First, in Estate of Burnette, the court granted a motion to stay discovery pending resolution of a motion to dismiss/partial motion for summary judgment. Estate of Burnette, 2022 U.S. Dist. LEXIS 13375 at *9. On the issue of the public interest, the court held "the general public's primary interest in this case is an efficient and just resolution … [a]voiding wasteful efforts by the court and the litigants serves that purpose." Id.

The same can be said in this case. Indeed, the Plaintiffs have one claim that Defendants and the Companies have moved to dismiss. To stay discovery in this matter while those motions are pending under these circumstances would "avoid waste efforts by the court and the litigants." Id.

Similarly, in Morgan v. Clements, Civil Action No. 12-cv-00936-REB-KMT, 2013 U.S. Dist. LEXIS 33935 (D. Colo. Mar. 12, 2013), the court granted a stay of discovery pending resolution of motions for summary judgment filed by government defendants on qualified immunity grounds. Morgan, 2013 U.S. Dist. LEXIS 33935 at *13. On the public interest issue, the Morgan court recognized that "the public has an interest in assuring that institutions such as the Department of Corrections are operating within the bounds of law," nevertheless, considering all factors "and the strong interest in resolving questions of qualified immunity before subjecting officials to the vicissitudes of litigation," the court granted the stay. Id. at *13.

Again, the public interest, even when considered in a light favorable to Plaintiffs, does not, by itself, warrant a denial of Defendants' Motion to Stay. Furthermore, a stay of discovery in this matter while those motions are pending under these circumstances

would avoid waste efforts by the court and the litigants. As such, considering all relevant factors, a stay of discovery pending resolution of the motions to dismiss is warranted.

## CONCLUSION

Wherefore, Defendants Chairman Charlotte R. Lane, Commissioner Renee A. Larrick, and Commissioner William B. Raney, by counsel Jessica M. Lane, Esq., and Jeffrey A. Foster, Esq, Office of the General Counsel of the Public Service Commission of West Virginia, respectfully request that the Court enter an order pursuant to Federal Rule of Civil Procedure 26(c)(1) to stay discovery in this matter pending resolution of the pending motions to dismiss.

CHAIRMAN CHARLOTTE R. LANE,
COMMISSIONER RENEE A. LARRICK,
and COMMISSIONER WILLIAM B.
RANEY,

By counsel,

*/s/ Jeffrey A. Foster, Esq.*
Jessica M. Lane (W. Va. Bar No. 7040)
Jeffrey A. Foster (W. Va. Bar No. 9410)
Public Service Commission of West Virginia
201 Brooks Street
Charleston, West Virginia 25301
304-340-0300 phone
304-340-3758 fax
jfoster@psc.state.wv.us

## CERTIFICATE OF SERVICE

The undersigned here certifies that on December 12, 2024, a copy of the foregoing *Reply in Support of Motion to Stay Discovery* was served via CM/ECF with electronic service going to counsel of record who have entered an appearance in the lawsuit.

*/s/ Jeffrey A. Foster, Esq.*

Jessica M. Lane (W. Va. Bar No. 7040)
Jeffrey A. Foster (W. Va. Bar No. 9410)
Public Service Commission of West Virginia
201 Brooks Street
Charleston, West Virginia 25301
304-340-0300 phone
304-340-3758 fax
jfoster@psc.state.wv.us