UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

BRUCE PERRONE, ROSANNA LONG,
and SIERRA CLUB,

    Plaintiffs,

v.                                  CIVIL ACTION No. 2:24-cv-00434

CHAIRMAN CHARLOTTE R. LANE,
COMMISSIONER RENEE A. LARRICK,
and COMMISSIONER WILLIAM B. RANEY,
*in their official capacities*,

    Defendants,

and,

APPALACHIAN POWER COMPANY and,
WHEELING POWER COMPANY,

    Defendant-Intervenors.

### ORDER & CONSENT DECREE

### I. RECITALS

WHEREAS, Plaintiffs filed this action on August 20, 2024;

WHEREAS, the Parties agree to resolve this matter through the entrance of this Consent Decree;

WHEREAS, the Parties recognize, and the Court by entering this Consent Decree finds, that the Consent Decree has been negotiated by the Parties in good faith and will avoid further litigation between the Parties, and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THREFORE, upon the consent of the parties hereto, **IT IS HEREBY**

1

**ORDERED, ADJUDGED AND DECREED**[1] as follows:

## II.   JURISDICTION AND VENUE

1. For the purposes of this Consent Decree, the Parties stipulate that the Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and personal jurisdiction over the Parties.

2. Venue is proper in the Southern District of West Virginia, pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred in Charleston, West Virginia, and within the Southern District of West Virginia.

## III.   APPLICABILITY

3. Upon the Effective Date, the provisions of this Consent Decree shall apply to and be binding upon the Parties and their successors and assigns.

4. Commission Defendants shall provide a copy of this Consent Decree to all officers, employees, and agents whose duties include direct responsibility for compliance with any provision of this Consent Decree, as well as to any contractor retained to perform work required under this Consent Decree.

## IV.   DEFINITIONS

5. Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

   a. "Commission" shall mean the Public Service Commission of West Virginia;

   b. "Commission Defendants" shall mean Chairman Charlotte R. Lane, Commissioner Renee A. Larrick, and Commissioner William B. Raney, in their official capacities;

   c. "Companies" shall mean Appalachian Power Company and Wheeling Power

---

[1] The parties' Joint Motion for Approval and Entry of Proposed Consent Decree is **GRANTED**.  (ECF No. 54.)

      Company;

    d. "Complaint" shall mean the Complaint filed by Plaintiffs in this action on August 20, 2024;

    e. "Consent Decree" shall mean this document;

    f. "Defendant-Intervenors" shall mean the Companies;

    g. "Effective Date" shall have the definition provided in Section VIII;

    h. "Paragraph" shall mean a portion of this Consent Decree identifiable by an Arabic numeral;

    i. "Parties" shall mean Plaintiffs, Commission Defendants, and Defendant-Intervenors collectively;

    j. "Plaintiffs" shall mean Bruce Perrone, Rosanna Long, and Sierra Club;

    k. "Section" shall mean any portion of this Consent Decree identified by a Roman numeral;

## V. AGREEMENTS OF THE PARTIES

6. Notwithstanding the Parties' disagreements regarding the Commission Defendant's past orders at issue in the Complaint, the Parties agree, for the purposes of this Consent Decree, that the Commission Defendants, in their official capacities, have not in their orders issued prior to the date of this Consent Decree—including, but not limited to, its orders issued in the Companies' 2021, 2022, and 2023 Expanded Net Energy Cost ("ENEC") cases—ordered or required the Companies to run their coal-fired power plants at a 69 percent capacity factor or other minimum capacity factor when doing so is uneconomic.

7. It is further agreed that the Commission Defendants have not and will not, in their official capacities, interpret a 69 percent capacity factor as setting a minimum operational threshold but may evaluate the capacity factors of the coal-fired generation plants of the

Companies as part of a wholistic evaluation of whether such plants are being reasonably and prudently operated.

8. If the Commission Defendants, in their official capacities, issue an order in the future that Plaintiffs claim is inconsistent with this Agreement in Section V, Plaintiffs may file a complaint, motion, or any appropriate administrative pleading, such as a petition for reconsideration, challenging that order (subject to all defenses, procedural and substantive, to such a challenge), notwithstanding any other provisions of this Consent Decree.

## VI.   EFFECT OF SETTLEMENT AND RESERVATION OF RIGHTS

9. This Consent Decree represents a full and final settlement among the Parties.

10. This Consent Decree resolves and discharges, and Plaintiffs release and waive, any and all civil claims, causes of action, demands, actions, and/or rights of action that Plaintiffs brought in the Complaint against Commission Defendants for alleged violations of federal law.

11. This Consent Decree shall not be taken as an admission of any wrongdoing or illegal action by the Commission Defendants or any of the other Parties.

12. This Consent Decree shall not be interpreted as an admission by any of the Parties that positions taken during this action were improper, frivolous, or without merit.

## VII.   COSTS

13. The Parties shall bear their own costs of this civil action, including attorneys' fees.

## VIII.   NOTICES

14. Unless otherwise specified herein, whenever notifications, submissions, reports, or communications are required by the Consent Decree, they shall be made in writing and addressed as follows:

    a. To Plaintiffs:

By mail to:<br>
Amanda Demmerle<br>
Appalachian Mountain Advocates, Inc.<br>
P.O. Box 1157<br>
Charleston, WV 25331<br>
<br>
And by email to:<br>
ademmerle@appalmad.org

    b.    To Commission Defendants:

Public Service Commission of West Virginia<br>
Office of the General Counsel<br>
201 Brooks Street<br>
Charleston, WV 25301

    c.    To the Companies:

Appalachian Power Company<br>
Wheeling Power Company<br>
200 Association Drive<br>
Charleston, WV 25311

### IX.    EFFECTIVE DATE

15.    The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter this Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

### X.    RETENTION OF JURISDICTION

16.    The Court shall retain jurisdiction over this action until termination of this Consent Decree, for the purpose of resolving disputes arising under this Consent Decree, enforcing the terms of this Consent Decree, or entering orders modifying this Consent Decree or effectuating or enforcing compliance with the terms of this Consent Decree.

17.    Except as provided specifically herein, the Parties reserve all legal and equitable rights and defenses available to them to enforce or defend against enforcement of the provisions

of this Consent Decree. Before a Party invokes the Court's jurisdiction to resolve a dispute among the Parties, the Party shall send a written notice to the other Party outlining the nature of the dispute and requesting informal negotiations among the Parties to resolve the matter. If the Parties are unable to resolve the matter within fifteen (15) days from the date of the notice (or within an additional period of time agreed to by the Parties), the noticing Party shall provide the other Party with a subsequent written notice giving an opportunity to remedy such asserted breach within a reasonable time period (no less than fifteen (15) days) of receiving the notice. If the asserted breach is not cured within the applicable time period, any Party may seek relief from the Court.

## XI. MODIFICATION

18. Except as specifically provided herein, the terms of this Consent Decree, including the attached appendices, may be modified only by a subsequent written agreement signed by the Parties. Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

## XII. TERMINATION

19. This Consent Decree shall automatically terminate at the time that none of the Commission Defendants remain on the Commission.

## XIII. LODGING AND ENTRY OF DECREE

20. The Parties agree to cooperate in good faith in order to obtain the Court's review and entry of this consent Decree.

## XIV. SIGNATORIES/SERVICE

21. Each undersigned representative of the Parties certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

22. The Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.

## XV. INTEGRATION

23. This Consent Decree constitutes the final, complete, and exclusive agreement and understanding between and amongst the Parties with respect to the settlement embodied in the Consent Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise constitutes any part of this Consent Decree or the settlement it represents, nor shall it be used in construing the Terms of this Consent Decree.

## XVI. FINAL JUDGMENT

24. Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the Parties. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Rules 54 and 58 of the Federal Rules of Civil Procedure.

ENTER:   April 2, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

/s/ *J. Michael Becher*                                  Dated:  March 14, 2025

For the Plaintiffs Bruce Perrone, Rosanna Long, and Sierra Club

/s/ *Jeffrey A. Foster*                                                    Dated: March 14, 2025

For Commission Defendants Chairman Charlotte R. Lane, Renee A. Larrick, and William B. Raney, in their official capacities

/s/ *Zachary C. Schauf*                                                   Dated: March 14, 2025

For Intervenor Defendants Appalachian Power Company and Wheeling Power Company